STATE ex rel. DEPARTMENT OF SO-
CIAL SERVICES, DIVISION OF
CHILDREN SERVICES, Relator,

v.

The Honorable Frederick TUCKER,
Respondent.

No. SC 93187.

Supreme Court of Missouri,
En Banc.

Nov. 26, 2013.

Ronal R. Holliger, General Counsel, At-
torney General's Office, Jefferson City, for
Relator.

Mistina D. Hollenbeck and Edward L. Campbell, Campbell Law Firm LLC, Kirksville, for the husband.

RICHARD B. TEITELMAN, Judge.

This petition for a writ of prohibition presents the issue of whether section 210.150[1] prevents a trial court from ordering disclosure of the identity of individuals who voluntarily report suspected instances of child abuse and neglect to the department of social services. The records are not subject to discovery because section 210.150 provides that "[t]he children's division shall ensure the confidentiality of all reports and records" of child abuse and neglect hotline reports. The trial court abused its discretion in ordering disclosure of the identity of hotline reporters. Accordingly, this Court issues its permanent writ of prohibition.

## I. *Facts*

The underlying case is a dissolution of marriage action involving child custody. Husband filed a motion asking the trial court to order the department of social services to release all records concerning the children, including the identity of all persons who placed eight unsubstantiated hotline child abuse and neglect reports. Husband asserted that the identity of the hotline caller was relevant to prove that Wife had placed the unsubstantiated hotline reports.

The department of social services' children's division filed a motion in opposition to Husband's discovery request. The division argued that the identity of the hotline caller was confidential without exception pursuant to section 210.150. The trial court ordered the division to produce unredacted records of the hotline reports, including the identity of the caller. The division filed a petition for a writ of prohibition to prevent the trial court from enforcing its order to produce records disclosing the identity of the hotline reporters.

## II. *Standard of Review*

■ A writ of prohibition is appropriate in one of three circumstances: (1) to prevent the usurpation of judicial power when the trial court lacks jurisdiction; (2) to prevent the court from acting in excess of its jurisdiction or to remedy an abuse of discretion where the lower court lacks the power to act as intended; or (3) where a party may suffer irreparable harm if relief is not made available in response to the trial court's order. *State ex rel. Nothum v. Walsh,* 380 S.W.3d 557, 561 (Mo. banc 2012). This Court will issue a writ to prevent improper discovery. *Id.*

## III. *Hotline reports are confidential*

Section 210.150 provides, "The children's division shall ensure the confidentiality of all reports and records" of child abuse and neglect hotline reports. There are separate exceptions to the general rule of confidentiality of hotline reports depending on whether the allegations reported are substantiated or unsubstantiated. There is no dispute that the hotline reports at issue in this case are unsubstantiated. Therefore, the only applicable exceptions are those set forth in section 210.150.3, which expressly deals with reports in "which the division has determined that there is insufficient evidence" to substantiate the report.

Section 210.150.3 provides that only the following persons shall have access to hotline records maintained by the division pursuant to section 210.152:

(1) Appropriate staff of the division;

(2) Any child named in the report as a victim, or a legal representative, or the

1. References to statutes are to RSMo Supp. 2012.

parent or guardian of such person when such person is a minor, or is mentally ill or otherwise incompetent. **The names or other identifying information of reporters shall not be furnished to persons in this category.** Prior to the release of any identifying information, the division shall determine if the release of such identifying information may place a person's life or safety in danger. If the division makes the determination that a person's life or safety may be in danger, the identifying information shall not be released. The division shall provide for a method for confirming or certifying that a designee is acting on behalf of a subject; .

(3) Any alleged perpetrator named in the report, *but the names* of reporters **shall not be furnished to persons in this category.** Prior to the release of any identifying information, the division shall determine if the release of such identifying information may place a person's life or safety in danger. If the division makes the determination that a person's life or safety may be in danger, the identifying information shall not be released. However, the investigation reports will not be released to any alleged perpetrator with pending criminal charges arising out of the facts and circumstances named in the investigation records until an indictment is returned or an information filed; .

(4) Any child fatality review panel established pursuant to section 210.192 or any state child fatality review panel established pursuant to section 210.195;

(5) Appropriate criminal justice agency personnel or juvenile officer;

(6) Multidisciplinary agency or individual including a physician or physician's designee who is providing services to the child or family, with the consent of the parent or guardian of the child or legal representative of the child;

(7) Any person engaged in bona fide research purpose, with the permission of the director; provided, however, that no information identifying the subjects of the reports or the reporters shall be made available to the researcher, unless the identifying information is essential to the research or evaluation and the subject, or if a child, through the child's parent or guardian, provides written permission.

(Emphasis added.)

▇▇▇ None of the foregoing exceptions to the general rule of confidentiality applies to this case.[2] Although the child that is the subject of a hotline report, that child's parents and the alleged perpetrator are allowed to access the records, the statute expressly provides that, in those instances, "the names of reporters shall not be furnished to persons in this category." Therefore, under the facts of this case, there is no applicable exception to the rule of confidentiality provided by section 210.150.

▇▇▇ The statutorily mandated confidentiality of the identity of the reporters is not overcome by demonstrating relevance or the absence of a traditional evidentiary privilege. In *State ex rel. Hope House,*

**2.** Respondent argues that section 210.150.2(6) applies because that statute allows disclosure to "a ... juvenile court conducting ... child custody proceedings ... with a need for such information to carry out its responsibilities under the law to protect children from abuse or neglect." Here, the trial court did not suggest that it needed this information to carry out its responsibilities to protect children, but rather that he was ordering the report be produced to one of the parties to the proceeding at the party's request. In any event, section 210.150.2(6) applies only to substantiated hotline reports. The hotline reports at issue in this case are unsubstantiated. Therefore, section 210.150.2(6) is inapplicable.

*Inc. v. Merrigan*, 133 S.W.3d 44, 49–50 (Mo. banc 2004), this Court noted the distinction between statutorily mandated confidentiality and an evidentiary privilege. A privilege is "[a]n evidentiary rule that gives a witness the option not to disclose the fact asked for, even though it might be relevant ... esp. when the information was originally communicated in a professional or confidential relationship." *Id.* at 49, quoting BLACK'S LAW DICTIONARY 1215 (7th ed.1999). In contrast, the confidentiality mandated by section 210.150 does not establish a legal privilege but, like the confidentiality statute at issue in *Hope House*, mandates that the division keep confidential an entire body of information, including not just communications but also the names of reporters as well as other information.

The trial court abused its discretion by ordering disclosure of the identity of the hotline caller. Accordingly, this Court issues its permanent writ of prohibition.

All concur.