Gary M. Gaertner, Jr. Presiding Judge
Introduction
The Missouri Department of Social Services, Children's Division (Children's Division) filed a petition for writ of prohibition seeking to prevent the Honorable Shannon R. Dougherty (Respondent) from enforcing an order for Children's Division to disclose hotline reporter information. We find that, under the circumstances presented here, requiring Children's Division to disclose certain hotline reporter information violates Section 210,150 and the preliminary *154 order of prohibition is made permanent.[1]
Background
The underlying action is pending in the juvenile court and arises from allegations of abuse and/or neglect of a minor child, L.V. A.V. (Father) is the natural father of L.V. Father filed a motion to inspect and for release of records seeking to allow Father and his attorneys to view and copy numerous documents including documents from the Children's Division. Respondent granted Father's motion. Children's Division received a subpoena requesting all documents and files involving, among other things, hotline calls relating to five individuals.[2] Children's Division filed a motion for protective order and to amend /clarify the order for inspection and release of Children's Division's records. Children's Division argued that under Section 210.150, Father was not entitled to the records for three of the individuals because he is not the alleged perpetrator, parent or guardian. Children's Division also asserted that as the father of one individual and the alleged perpetrator of the other individual that the records Father was entitled to for these two individuals had been provided. Respondent overruled the Children's Division's motion, allowed redaction of identifying information such as social security numbers and ordered that "[h]otline reporter information shall be disclosed."
Children's Division filed a petition for writ of prohibition seeking to prevent Respondent from enforcing its order to "Children's Division to produce hotline reporter information." Children's Division argued that the order violates Section 210.150. This Court issued a preliminary order in prohibition and directed Respondent to file an answer and suggestions in opposition to Children's Division's petition, or this Court would enter a default judgment against Respondent. Respondent failed to respond and is in default. The preliminary order of prohibition is now made permanent.
Discussion
"A writ of prohibition is appropriate in one of three circumstances: (1) to prevent the usurpation of judicial power when the trial court lacks jurisdiction; (2) to prevent the court from acting in excess of its jurisdiction or to remedy an abuse of discretion where the lower court lacks the power to act as intended; or (3) where a party may suffer irreparable harm if relief is not made available in response to the trial court's order." State ex rel. Dept. of Social Services v. Tucker, 413 S.W.3d 646, 647 (Mo. banc 2013). Prohibition is appropriate when a trial judge seeks to permit discovery that is expressly forbidden by statute. State ex rel. Rehnquist Design & Build, Inc. v. Siwak, 499 S.W.3d 386, 387 (Mo. App. E.D. 2016).
Section 210.150.1 states that, "[t]he children's division shall ensure the confidentiality of all reports and records made pursuant to sections 210.109 to 210.183 and maintained by the division, its local offices, the central registry, and other appropriate persons, officials, and institutions pursuant to sections 210.109 to 210.183." "There are separate exceptions to the general rule of confidentiality of hotline reports depending on whether the allegations reported are *155 substantiated or unsubstantiated." Tucker, 413 S.W.3d at 647. In this case, Children's Division asserts that the hotline reports at issue are both substantiated and unsubstantiated.
Section 210.150.2 addresses substantiated allegations and Section 210.150.3 addresses unsubstantiated allegations. Section 210.150.2 and .3 both provide under certain circumstances an exception to the confidentiality requirement for a parent or alleged perpetrator.
Section 210.150.2 sets forth thirteen exceptions for certain persons or entities to have access to investigation records in the central registry. Section 210.150.2 provides in part:
Only the following persons shall have access to investigative records contained in the central registry:
...
(4) Any child named in the report as a victim, or a legal representative, or the parent, if not the alleged perpetrator, or guardian of such person when such person is a minor, or is mentally ill or otherwise incompetent, but the names of reporters shall not be furnished to persons in this category. Prior to the release of any identifying information, the division shall determine if the release of such identifying information may place a person's life or safety in danger. If the division makes the determination that a person's life or safety may be in danger, the identifying information shall not be released. The division shall provide a method for confirming or certifying that a designee is acting on behalf of a subject;
(5) Any alleged perpetrator named in the report, but the names of reporters shall not be furnished to persons in this category. Prior to the release of any identifying information, the division shall determine if the release of such identifying information may place a person's life or safety in danger. If the division makes the determination that a person's life or safety may be in danger, the identifying information shall not be released. However, the investigation reports will not be released to any alleged perpetrator with pending criminal charges arising out of the facts and circumstances named in the investigation records until an indictment is returned or an information filed;
(emphasis added).
For unsubstantiated allegations, Section 210.150.3 sets forth seven exceptions to the confidentiality requirement and names the persons or entities entitled to access to certain records that are maintained by Children's Division. Section 210.150.3 provides in part:
Only the following persons shall have access to records maintained by the division pursuant to section 210.152 for which the division has received a report of child abuse and neglect and which the division has determined that there is insufficient evidence or in which the division proceeded with the family assessment and services approach:
...
(2) Any child named in the report as a victim, or a legal representative, or the parent or guardian of such person when such person is a minor, or is mentally ill or otherwise incompetent. The names or other identifying information of reporters shall not be furnished to persons in this category. Prior to the release of any identifying information, the division shall determine if the release of such identifying information may place a person's life or safety in danger. If the division makes the determination that a person's life or safety may be in danger, the identifying information shall not be *156 released. The division shall provide a method for confirming or certifying that a designee is acting on behalf of a subject;
(3) Any alleged perpetrator named in the report, but the names of reporters shall not be furnished to persons in this category. Prior to the release of any identifying information, the division shall determine if the release of such identifying information may place a person's life or safety in danger. If the division makes the determination that a person's life or safety may be in danger, the identifying information shall not be released. However, the investigation reports will not be released to any alleged perpetrator with pending criminal charges arising out of the facts and circumstances named in the investigation records until an indictment is returned or an information filed;
(emphasis added).
For those individuals named in the discovery request where Father is not the parent or alleged perpetrator none of the exceptions in Section 210.150 apply. Section 210.150.2(4)-(5) and .3(3) does provide a parent or alleged perpetrator access to investigation records, but states that the names of hotline reporters shall not be furnished. Section 210.150.3(2) also provides a parent with access to investigation records, but states that the names or other identifying information of hotline reporters shall not be furnished.
In Tucker, the Missouri Supreme Court interpreted Section 210.150.3 where the underlying case was a dissolution of marriage action involving child custody. 413 S.W.3d at 647. Husband filed a motion requesting the trial court to order the Department of Social Services to release all records regarding the children, including the identity of all persons who placed eight unsubstantiated hotline child abuse and neglect reports. Id. The trial court ordered Children's Division to produce unredacted records of the hotline reports, including the identity of the caller. Id. Children's Division filed for a writ of prohibition to prevent the trial court from enforcing its order. Id.
The Missouri Supreme Court held that none of the exceptions to the general rule of confidentiality set forth in Section 210.150.3 applied in the case. Id. at 648. The Court stated that "[a]lthough the child that is the subject of a hotline report, that child's parents and the alleged perpetrator are allowed to access the records, the statute expressly provides that in those instances, " 'the names of reporters shall not be furnished to persons in this category.' " Id. The Court held that the trial court abused its discretion by ordering disclosure of the identity of the hotline caller and issued a permanent writ of prohibition. Id. at 649. Similarly, Respondent here also abused her discretion.
Conclusion
The preliminary order of prohibition is made permanent. Respondent is ordered to amend the portion of the order regarding hotline reporter information to provide that the identity of hotline reporters or identifying information shall not be disclosed as provided in Section 210.150.
Angela T. Quigless, J., concurs
James M. Dowd, J., concurs.

All statutory references are to RSMo. 2016.

According to Children's Division, "[Father's] [child], L.V., was named as an alleged victim in one of the reports he seeks. [Father] was the alleged perpetrator in [two] of the reports he is seeking. One of these reports was unsubstantiated, and the other report was substantiated. As to the other records, [Father] was not the alleged perpetrator or a parent or guardian of the alleged victim."