

# SUPREME COURT OF MISSOURI
## en banc

STATE OF MISSOURI ex rel. )
DEPARTMENT OF HEALTH AND )
SENIOR SERVICES, )
           )
                 Appellant, )
           )
v. )
           )
RENEE T. SLUSHER, COMMISSIONER, )
ADMINISTRATIVE HEARING )
COMMISSION, )
           )
                 Respondent. )

*Opinion issued February 8, 2022*

No. SC99205

### APPEAL FROM THE CIRCUIT COURT OF COLE COUNTY
The Honorable Jon E. Beetem, Judge

The Missouri Department of Health and Senior Services (hereinafter, "Department") appeals the circuit court's judgment quashing its preliminary writ of prohibition and denying Department's petition for a permanent writ of prohibition. Department contends it cannot be compelled to disclose data submitted by medical

marijuana license applicants because the Missouri Constitution requires it to keep that information confidential. The circuit court's judgment is affirmed.[1]

## Factual and Procedural History

Kings Garden Midwest, LLC (hereinafter, "Kings Garden") applied for two medical marijuana cultivation facility licenses. Department denied both applications. Kings Garden appealed to the administrative hearing commission (hereinafter, "the AHC").

Kings Garden alleged its applications were subjected to an arbitrary and capricious scoring process in which other applicants received different scores for answers that were the same or substantially the same as the answers Kings Garden submitted. To prove this claim, Kings Garden requested Department to provide complete and unredacted copies of successful cultivation license applications in discovery.

Department objected, claiming the disclosure of this information would violate its constitutional mandate to maintain the confidentiality of information submitted by applicants and licensees. Kings Garden filed a motion to compel and limited its request to only those questions on the successful applications for which Kings Garden did not receive the full 10-point score. The AHC granted the motion to compel and ordered Department to produce substantially all of the documents Kings Garden requested.

---

[1] This Court has jurisdiction under article V, section 10 of the Missouri Constitution because it granted transfer after opinion by the Missouri Court of Appeals, Western District. Portions of the Western District's opinion are incorporated without reference.

Department was provided the option of redacting applicants' identifying information. The AHC also entered a protective order regarding the produced documents.

Department filed a petition for writ of prohibition, seeking the circuit court to bar enforcement of the AHC's order compelling the production of information. The circuit court entered a preliminary writ in prohibition ordering the AHC to "refrain from all action in the premises until further order." After briefing and argument, the circuit court quashed the preliminary writ and denied Department's petition for a permanent writ. Department appeals.

## Proceedings in Prohibition

Proceedings in prohibition are governed by Rule 97. "A writ of prohibition may issue 'to remedy an excess of authority, jurisdiction, or abuse of discretion where the lower court lacks the power to act as intended.'" *State ex rel. Country Mut. Ins. Co. v. May*, 620 S.W.3d 96, 98 (Mo. banc 2021) (quoting *State ex rel. Manion v. Elliott*, 305 S.W.3d 462, 463 (Mo. banc 2010)). The issuance of a writ of prohibition is discretionary. *State ex rel. Helms v. Rathert*, 624 S.W.3d 159, 163 (Mo. banc 2021). When the circuit court issues a preliminary order but later denies a permanent writ of prohibition, "the proper remedy is an appeal." *State ex rel. Ashby Road Partners, LLC v. State Tax Comm'n*, 297 S.W.3d 80, 83 (Mo. banc 2009).

## Standard of Review

"The validity of a provision of the Missouri Constitution is a question of law this Court reviews *de novo*." *Doyle v. Tidball*, 625 S.W.3d 459, 463 (Mo. banc 2021). "Rules applicable to constitutional construction are the same as those applied to statutory

construction, except that the former are given a broader construction, due to their more permanent character." *Mo. Prosecuting Att'ys v. Barton Cnty.*, 311 S.W.3d 737, 741 (Mo. banc 2010) (quoting *Boone Cnty. Ct. v. State*, 631 S.W.2d 321, 324 (Mo. banc 1982)). "In interpreting this language, the Court must ensure the words of this provision bear the meaning they were understood to have in their proper context when Missouri voters adopted this provision." *Hill v. Mo. Dep't of Conservation*, 550 S.W.3d 463, 467 (Mo. banc 2018). "[E]very word contained in a constitutional provision has effect, meaning, and is not mere surplusage." *State v. Honeycutt*, 421 S.W.3d 410, 415 (Mo. banc 2013).

### Constitutional Confidentiality

Department contends the circuit court erred in quashing the preliminary writ and denying its petition for a permanent writ of prohibition because it claims the AHC acted outside of its authority by compelling the disclosure of the requested applicant data to Kings Garden. Department argues it cannot be compelled to disclose data submitted by medical marijuana license applicants because the Missouri Constitution requires it to maintain the confidentiality of that information.

Following an initiative petition, article XIV of the Missouri Constitution was adopted in November 2018. Article XIV authorizes and regulates medical cannabis. The Missouri Constitution directs Department to administer the state's medical marijuana program, including granting or denying "state licenses … for the cultivation, manufacture, dispensing, sale, testing, tracking, and transportation of marijuana for medical use as provided by law." Mo. Const. art. XIV, sec. 1.3(1)(a). Article XIV

4

directs Department to make available to the public license application forms to operate "medical marijuana cultivation facilities, medical marijuana testing facilities, medical marijuana dispensary facilities, and medical marijuana-infused products manufacturing facilities." Mo. Const. art. XIV, sec. 1.3(6). Department may restrict the aggregate number of licenses granted in each category of medical marijuana cultivation, medical marijuana-infused products manufacturing, and medical marijuana dispensary facilities. Mo. Const. art. XIV, sec. 1.3(15)-(17).

In evaluating license applications, Department must determine whether applicants meet minimum standards described in 19 C.S.R. 30-95.025(4). When more qualified applicants apply than there are available licenses in the facility category, both the constitution and regulation provide for Department to "use a system of numerically scoring ten (10) additional evaluation criteria to rank the applications in each such license ... category against each other." 19 C.S.R. 30-95.025(4); Mo. Const. art. XIV, sec. 1.3(1)(h). In further discussing how the numerical scoring of evaluation criteria is to be conducted, the regulation reiterates, "Each type of facility ... application will be scored and ranked against the other applications of the same type." 19 C.S.R. 30-95.025(4)(C)2.A. Further, an applicant may appeal the denial of a license to the AHC. Mo. Const. art. XIV, sec. 1.3(23); 19 C.S.R. 30-95.025(6). After the exhaustion of administrative review, the denial is subject to judicial review. Mo. Const. art. XIV, sec. 1.3(23).

Department argues the intent of the voters in enacting article XIV, section 1.3(5) was to mandate that all information filed in medical marijuana license applications be

5

kept strictly confidential and immune from disclosure under any circumstances, including, as in this case, responses to a discovery request in the appeal of a license denial. To support its argument, Department relies on *State ex rel. Department of Social Services, Division of Children Services v. Tucker*, 413 S.W.3d 646 (Mo. banc 2013). In *Tucker*, this Court examined whether the Children's Division could be compelled to produce information in discovery concerning hotline reports that section 210.150, RSMo Supp. 2012,[2] mandated be kept confidential. After determining no exception to the general rule of confidentiality applied to allow disclosure of the information, this Court stated the statutorily mandated confidentiality "is not overcome by demonstrating relevance or the absence of a traditional evidentiary privilege." *Id.* at 648. While "the confidentiality mandated by section 210.150 does not establish a legal privilege," it does mandate that the Children's Division "keep confidential an entire body of information." *Id.* at 649. Thus, the information was not discoverable, and the circuit court abused its discretion in ordering its disclosure. *Id.*

The crucial distinction between *Tucker* and this case is that, while none of the exceptions to confidentiality set forth in section 210.150 applied to allow disclosure of the statutorily mandated confidential information, article XIV, section 1.3(5) expressly allows the constitutionally mandated confidential information to be "used" for a purpose authorized by the section. Article XIV, section 1.3(5) provides:

> The department shall maintain the confidentiality of reports or other information obtained from an applicant or licensee containing any individualized data, information, or records related to the licensee or its

---

[2] All statutory references are to RSMo Supp. 2012.

operation, including sales information, financial records, tax returns, credit reports, cultivation information, testing results, and security information and plans, or revealing any patient information, or any other records that are exempt from public inspection pursuant to state or federal law. *Such reports or other information may be used only for a purpose authorized by this section.* Any information released related to patients may be used only for a purpose authorized by federal law and this section, including verifying that a person who presented a patient identification card to a state or local law enforcement official is lawfully in possession of such card.

(Emphasis added).

An aggrieved license applicant has the right to appeal Department's denial to the AHC and, following the exhaustion of administrative remedies, the right to seek judicial review. Mo. Const. art. XIV, sec. 1.3(23). Because an appeal to the AHC and judicial review is authorized, the plain language of article XIV, section 1.3(5) allows the confidential information to be used for the purpose of an appeal of a license denial. Furthermore, because article XIV, section 1.3(5) does not limit the use of the information in an appeal of a license denial, the information is subject to discovery as provided in 1 C.S.R. 15-3.420, the regulation governing discovery in contested cases before the AHC.

In its appeal to the AHC, Kings Garden is seeking to discover information from successful applications to prove its applications were subjected to an arbitrary and capricious scoring process in which successful applicants received different scores for answers that were the same or substantially the same as the answers Kings Garden submitted. Article XIV, section 1.3(1)(h) expressly directs Department to score and rank qualified applications *against each other* to decide which licenses to grant or deny. Because applications are not judged solely on their own merits but are ranked competitively against other applications, the only way to determine whether Department

7

denied Kings Garden's application in an arbitrary or capricious manner is to compare its applications against information from those of successful applicants. Without all of the information that formed the basis of Department's decision, no meaningful review of that decision can occur. To interpret article XIV, section 1.3(5) as not allowing the discovery of information from the successful applications in the appeals process would result in unsuccessful applicants pursuing an appeal being denied access to information that was an integral part of Department's decision to deny the application in the first instance. "Courts should avoid constructions of the Missouri Constitution that are unreasonable or would lead to absurd results." *Mo. Chamber of Com. & Indus. v. Mo. Ethics Comm'n*, 581 S.W.3d 89, 92 (Mo. App. W.D. 2019); *see also Wenzlaff v. Lawton*, 653 S.W.2d 215, 216 (Mo. banc 1983).

Department also asserts that allowing rejected license applicants to discover information from successful applications in the appeals process will lead to the erosion of the meaning of "confidential." Department argues this not only would affect licensing actions before the AHC but also would require disclosure of personal information submitted by individual citizens to Department in domestic, personal injury, tort, workers' compensation, and other cases.

Department's position would require an unnatural construction of the constitutional language. *See State ex rel. Heimberger v. Bd. of Curators of Univ. of Mo.*, 188 S.W. 128, 130, 268 Mo. 598 (Mo. banc 1916). The use of any of this confidential information in the types of cases cited by Department would not be for a purpose authorized by article XIV, section 1.3, as those cases do not involve an appeal of the

denial of a license, license renewal, or identification card pursuant to section 1.3(23). Moreover, article XIV, section 1.3(5) provides extra protection for the disclosure of patient information, as it expressly states, "Any information released related to patients may be used only for a purpose *authorized by federal law and this section*." (Emphasis added).

Because the plain language of article XIV, section 1.3(5) allows confidential information to be used for purposes of appealing Department's decision to deny a license, the AHC did not err in sustaining Kings Garden's motion to compel and ordering the production of certain confidential information pursuant to a protective order. Consequently, the circuit court did not err in denying Department's petition for a writ of prohibition.

## Conclusion

The circuit court's judgment is affirmed.

_____
GEORGE W. DRAPER III, JUDGE

All concur.

9